THE PEOPLE OF THE STATE OF NEW YORK, APELLANTS, *v.* ADA LINCOLN, RESPONDENT.

*Sentence of imprisonment after conviction of a misdemeanor — what confinement is regarded as a part of the sentence.*

APPEAL from an order made by the special county judge of Monroe county, discharging the respondent from the Monroe County Penitentiary where she was imprisoned upon a commitment issued by the recorder of the city of Elmira. On the 13th day of April, 1880, the respondent was convicted before said recorder of being a disorderly person, and sentenced to be imprisoned six months in the Monroe County Penitentiary in pursuance of the power conferred upon him by section 104 of the charter of Elmira, chapter 370 of 1875, and by section 2 of chapter 209 of 1874.

Thereupon she was confined in the county jail until about the 1st of June, 1880, when, having sued out a *certiorari* to review the proceedings, she was let to bail, and remained out upon bail until the 28th day of August, 1880, when she was surrendered by her bail to the custody of the keeper of the jail of Chemung county, and there detained by him until the 28th day of September, 1880, when she was removed to the custody of the keeper or superintendent of the Monroe Penitentiary, and remained until the 28th day

of December, 1880, when she was discharged by the special county judge of Monroe county.

By an agreement between the counties of Chemung and Monroe, entered into December 28th, 1878, it was provided that the Monroe County Penitentiary should receive and keep persons convicted in Chemung, etc.

The court at General Term said : "We must hold that the commitment to the penitentiary was valid.

Under and after the sentence of six months' imprisonment, the respondent was actually *detained* in custody in the county jail and in the penitentiary the full period of six months before the special county judge discharged her. We think she was enduring the sentence when in custody after the sentence was pronounced. The case of the *People ex rel. Stokes* v. *Warden, etc.* (66 N. Y., 342) is distinguishable from the one before us, as there the imprisonment which the court refused to credit upon his sentence was *such* as he suffered before trial and conviction and sentence.

In the case in hand we are of the opinion that the sentence began to run from the day it was pronounced, and that all the time the respondent was in custody after that day is to be credited upon her sentence. Being thus credited, it appeared to the special county judge that she had been imprisoned six months. The conviction was not for a felony, and the imprisonment in jail was as much of a punishment in theory of law as in the Monroe County Penitentiary.

This case is therefore not within the reasoning of Attorney-General Schoonmaker, stated in his letter of March 14th, 1879, to the clerk of Auburn prison : He was considering cases of felony punishable by imprisonment in a State's prison, by becoming "an inmate of a State's prison."

The special county judge having come to the conclusion that the time for which the prisoner may be legally detained had expired, properly granted to her a discharge." (Secs. 2032–2034 of the Code of Civil Pro.)

*E. B. Fenner*, district-attorney for the appellant.

*A. McDonald*, for the respondent.

Opinion by HARDIN, J. ; SMITH, P. J., and HAIGHT, J., concurred.

Order affirmed.